UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| CENTURY 21 REAL ESTATE CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CAUSE NO. 3:04-CV-321 AS |
| REALTY PLUS MICHIANA, INC., and RON OLSON, | ) ) ) | |
| Defendants. | | |

**REPORT & RECOMMENDATION**

On May 19, 2004, Plaintiff Century 21 Real Estate Corporation ("Century 21") filed this action alleging a breach of a franchise agreement and trademark infringement. On January 31, 2006, Century 21 filed a motion for summary judgment. To this date, Defendants Realty Plus Michiana, Inc. ("Realty Plus") and Ron Olson have not responded to Century 21's motion for summary judgment. For the following reasons, this Court **RECOMMENDS** that Century 21's motion for summary judgment [Doc. No. 40] be **GRANTED**.

**I.    RELEVANT BACKGROUND**

The uncontested facts reveal that Century 21 is a national real estate brokerage franchise. Century 21 has the exclusive right to use and license the various Century 21 trade names and service marks. On September 29, 2000, Century 21 entered into a franchise agreement with Realty Plus. On that same day, Olson executed a guaranty where he jointly and severally guaranteed the performance of Realty Plus's obligations under the franchise agreement. Under the franchise agreement, Realty Plus was allowed to operate a Century 21 real estate brokerage office and use Century 21 marks for a ten year term. In exchange, Realty Plus agreed to pay fees

equal to 6% of the gross revenue earned from all real estate transactions.  If Realty Plus failed to make a payment, Realty Plus was required to pay penalties and Century 21 could impose an interest rate upon those penalties.  Furthermore, Century 21 could terminate the franchise if Realty Plus failed to make timely payments.

Allegedly, Realty Plus repeatedly failed to comply with the franchise agreement and failed to make several payments to Century 21.  See generally Iuliano Aff. ¶ 25-32On May 2, 2003, Century 21 notified Defendants of its intention to terminate the franchise agreement because Realty Plus had failed to pay past due amounts to Century 21.  Realty Plus continued to use the Century 21 marks for some time after the franchise agreement was terminated.  See Iuliano Aff. ¶ 32-36.

On May 19, 2004, Century 21 filed its complaint.  This Court granted defense counsel's motion to withdraw on July 11, 2005.  To this date, Defendants have not retained substitute counsel.  Consequently, Realty Plus is unrepresented, and Olson is proceeding *pro se.*  On January 31, 2006, Century 21 filed a motion for summary judgment.  Century 21 claims Defendants owe $33,131.26 in service fees, $42,230.44 in lost future profits, and $58.066.80 in damages for willful infringement.  Century 21 also argues that it is entitled to recover all costs and expenses.  Neither Defendant has responded to Century 21's motion.  This Court may rule on Century 21's motion pursuant to its referral order and 28 U.S.C. § 636(b)(1)(B).

**II.    APPLICABLE LAW**

A.    Northern District Local Rules

Under N.D. L.R. 56.1, any party opposing a motion for summary judgment shall file a response and any affidavits or other documentary material controverting the movant's position

within thirty days after the motion was filed.  Failure to file a response within the time prescribed under this Court's local rules may subject the motion to summary ruling. N.D. L.R. 7.1(a).

  B. Summary Judgment Standard

  Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Lawson v. CSX Transp., Inc., 245 F.3d 916, 922 (7th Cir. 2001).  In determining whether a genuine issue of material fact exists, this Court must construe all facts in the light most favorable to the nonmoving party as well as draw all reasonable and justifiable inferences in favor of that party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); King v. Preferred Technical Group, 166 F.3d 887, 890 (7th Cir. 1999).  To overcome a motion for summary judgment, the nonmoving party cannot rest on the mere allegations or denials contained in its pleadings.  Rather, the nonmoving party must present sufficient evidence to show the existence of each element of its case on which it will bear the burden at trial. Celotex v. Catrett, 477 U.S. 317, 322-23 (1986);  Robin v. Espo Engineering Corp., 200 F.3d 1081, 1088 (7th Cir. 2000).  Where a factual record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citing Bank of Ariz. v. Cities Services Co., 391 U.S. 253, 289 (1968)).

  C. Defendants' *Pro Se* Status

Upon granting defense counsel's motion to withdraw, this Court repeatedly advised Realty Plus that a corporation may not proceed *pro se*.  Scandia Down Corp. v. Euroquilt, Inc., 772 F.2d 1423, 1427 (7th Cir. 1985) (stating "a corporation is an abstraction, and abstractions cannot appear *pro se*").   This Court warned Realty Plus that failure to retain substitute counsel may result in an adverse judgment.  Likewise, on February 2, 2006, this Court cautioned Olsen that failure to respond to Century 21's motion for summary judgment may result in an adverse judgment.

While *pro se* litigants such as Olson are given leeway due to their *pro se* status, *pro se* litigants are held to the same substantive standards as other civil litigants when undergoing a motion for summary judgment. See e.g. Runnels v. Armstrong World Industries, Inc., 105 F.Supp.2d 914, 918 -919 (C.D. Ill. 2000).  Because Defendants have failed to respond to Century 21's motion for summary judgment, this Court will assume that the facts contained in Century 21's motion are unopposed.

### III.    CENTURY 21'S  MOTION FOR SUMMARY JUDGMENT

Defendants have not responded to Century 21's motion.  Under this Court's local rules, this Court could assume that Century 21's motion is unopposed and recommend that the court grant Century 21's motion for summary judgment.  Despite Defendants' failure to respond, this Court will nonetheless, address the merits of Century 21's motion.

Century 21's motion for summary judgment is based on two claims.  First, Century 21 claims that Defendants breached the valid franchise agreement.  Second, Century 21 claims Realty Plus infringed upon Century 21's trademark by continuing to use the Century 21 mark after termination of the contract.

4

      A.      <u>Breach of Franchise Agreement</u>

In order to prove a breach of a franchise agreement, Century 21 must prove 1) the existence of a franchise agreement between Realty Plus and Century 21, 2) that Realty Plus has breached the agreement, and 3) damages as a result of the breach. <u>Wilson v. Lincoln Fed. Savings Bank</u>, 790 N.E.2d 1042, 1048 (Ind. Ct. App. 2003). Century 21 has submitted an uncontested affidavit that illustrates the existence of a franchise agreement between Century 21 and Realty Plus. <u>See</u> Iuliano Aff. ¶ 11-24. Further, Century 21 submitted an affidavit that illustrates a breach of the franchise agreement because Realty Plus failed to make payments to Century 21 while using the Century 21 mark. <u>See</u> Iuliano Aff. ¶ 25-32. Finally, Century 21's submitted affidavit also indicates damage because Century 21 received nothing in exchange for allowing Realty Plus to use its mark. <u>Id</u>. Because Defendants have failed to provide any evidence disputing the above facts, this Court recommends that Century 21's motion as it relates to the breach of the franchise agreement be granted.

      B.      <u>Trademark Infringement</u>

To prevail on a trademark infringement claim, Century 21 must show that it has a protectable mark, that Defendants' use of the marks creates a likelihood of confusion, and that Defendants falsely designated the origin of their services. 15 U.S.C. § 1125(a); <u>Promatek Indus. Ltd. v. Equitrac Corp.</u>, 300 F.3d 808, 812 (7th Cir. 2002). Century 21 has submitted an uncontested affidavit that illustrates "Century 21" is a valid, registered, protectable mark. <u>See</u>

5

Iuliano Aff. ¶ 4-10.  Furthermore, Century 21's uncontested affidavit provides that even when Realty Plus's right to use the Century 21 mark was terminated, Realty Plus continued to use the Century 21 mark.  <u>See</u> Iuliano Aff. ¶ 33-34.  Finally, Century 21's affidavit provides that Realty Plus's use of the Century 21 mark easily could cause confusion among the public that it was affiliated with Century 21, and that Realty Plus falsely designated that its services were related to Century 21.  <u>See</u> Iuliano Aff. ¶ 33-36.

Again, Defendants have not presented any evidence disputing Century 21's allegations that they committed trademark infringement once the franchise agreement was terminated.  As a result, this Court recommends that Century 21's motion for summary judgment as to the trademark infringement claim be granted and judgment entered in favor of Century 21 in the amount of $133,428.50.

      C.     <u>Damages</u>

Century 21 requests $33,131.26 in service fees and $42,230.44 in lost future profits based on the breach of the franchise agreement, and $58.066.80 in damages for willful trademark infringement.  Century 21 also argues that it is entitled to recover all costs and expenses.  Defendants do not dispute these damage amounts or present any evidence that would suggest that they are unreasonable.  This Court finds that these damages are reasonable based on Defendants actions.  Consequently, because Defendants are liable for a breach of contract and trademark infringement, and because Olson guaranteed performance by Realty Plus, judgment in favor of Century 21 should be entered in the amount of $133,428.50.

**IV.**     **CONCLUSION**

For the aforementioned reasons, this Court **RECOMMENDS** that Century 21's motion for summary judgment [Doc. No. 40] be **GRANTED** and that judgment be entered against Defendants and in favor of Century 21 in the amount of $133,428.50.

> **NOTICE IS HEREBY GIVEN that within ten (10) days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings and/or recommendations.  Fed.R.Civ.P. 72(b).  FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.**

**SO ORDERED.**

Dated this 8th Day of May, 2006.

                                                                        s/Christopher A. Nuechterlein
                                                                        Christopher A. Nuechterlein
                                                                        United States Magistrate Judge