UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **CENTURY 21 REAL ESTATE CORPORATION, A Delaware Corporation,** | ) ) ) ) |
| Plaintiff | ) ) |
| v. | ) No. 3:04cv0321 AS-CAN ) |
| **REALTY PLUS MICHIANA, INC.,** an Indiana corporation, and **RON OLSON,** an individual, | ) ) ) ) ) |
| Defendants | ) |

## *MEMORANDUM OPINION AND ORDER*

This court takes full judicial notice of the record in this case. Of particular moment is the report and recommendation of the United States Magistrate Judge, Christopher A. Nuechterlein, entered May 8, 2006 which this court has carefully examined. As of this date, no objections have been filed. The basic issue here deals with a franchise and alleged trademark infringement. A motion for summary judgment has been filed.

Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there exists no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c); *Celotex Corp v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Bragg v. Navistar Int'l Trans. Corp.*, 164 F.3d 373 (7th Cir. 1998). *Celotex* addressed the initial burdens of the parties under Rule 56, and *Anderson*

addressed the standards under which the record is to be analyzed within the structure of Rule 56.

The initial burden is on the moving party to demonstrate, "with or without supporting affidavits," the absence of a genuine issue of material fact and that judgment as a matter of law should be granted in the moving party's favor. *Celotex*, 477 U.S. at 324 (quoting FED.R.CIV.P. 56); *Larimer v. Dayton Hudson Corp.*, 137 F.3d 497 (7th Cir. 1998). A question of material fact is a question which will be outcome determinative of an issue in the case. The Supreme Court has instructed that the facts material in a specific case shall be determined by the substantive law controlling the given case or issue. *Anderson*, 477 U.S. at 248. Once the moving party has met the initial burden, the opposing party must "go beyond the pleadings" and "designate 'specific facts shows that there is a genuine [material] issue for trial.'" *Id.* The nonmoving party cannot rest on its pleadings, *Weicherding v. Riegel*, 160 F.3d 1139 (7th Cir. 1998); *Waldridge v. American Hoechst Corp.*, 24 F.3d 918 (7th Cir. 1994); nor may that party rely upon conclusory allegations in affidavits. *Smith v. Shawnee Library Sys.*, 60 F.3d 317, 320 (7th Cir. 1995).

During its summary judgment analysis, the court must construe the facts and draw all reasonable inferences in the light most favorable to the nonmoving party. *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560 (7th Cir. 1996). Furthermore, it is required to analyze summary judgment motions under the standard of proof relevant to the case or issue.

*Anderson*, 477 U.S. at 252-55. Applying the above standard, this Court addresses defendants' motion.

The United States magistrate judge has recommended that the aforesaid summary judgment filed on or about January 31, 2006 by the plaintiff, Century 21 Real Estate Corporation, should be granted. This case was referred to the United States magistrate judge under 28 U.S.C. §636(b)(1)(B). *See also* Local Rule 56-1 of this court. The Magistrate Judge Nuechterlein is absolutely correct that the defendant corporate entity, Realty Plus Michiana Inc. simply cannot appear in this proceeding pro se. *See Scandia Down Corp. v. Euroquilt Inc.*, 772 F.2d 1423 (7th Cir. 1985). This court is well aware that Olson, a defendant here, has a slightly more favorable pro se status. *See Haines v. Kerner*, 404 U.S. 519 (1972). However, the rules are not simply thrown away. *See McNeil v. United States*, 508 U.S. 106 (1993).

The issues with regard to breach of franchise agreement and trademark infringement are such that summary judgment as aforesaid described is appropriate. Also appropriate is the entry of a money judgment in the sum of $133,428.50. Such an entry to be made by the Clerk will constitute a final, appealable judgment in this case. **IT IS SO ORDERED**.

**DATED:** June 1, 2006

  **S/ ALLEN SHARP**
  **ALLEN SHARP, JUDGE**
  **UNITED STATES DISTRICT COURT**

cc: The Honorable Christopher A. Nuechterlein